[Sac. No. 551.   Department One.—October 11, 1899.]

## W. L. TROXLER, Respondent, v. W. V. BUCKNER, Appellant.

TROVER—CHATTEL MORTGAGE—PLEADING—DEBT—VALUE OF PROPERTY—SUPPORT OF JUDGMENT.—A complaint in trover for the conversion of personal property subject to a chattel mortgage in favor of the plaintiff, which alleges an attachment of the property by the defendant, as sheriff, without tender or payment of the mortgage debt, the amount of which is averred, and which prays judgment therefor, is not defective in not alleging the value of the property, and is sufficient to support a judgment for a value less than the mortgage debt.

ID.—DEFENSE—ISSUE AS TO VALUE.—If the mortgaged property is in fact of less value than the amount of the mortgage debt, it is matter of defense; and an answer alleging a certain value thereof less than the mortgage debt, is deemed to be controverted, and presents an issue as to the value of the property, upon which a finding may be made.

ID.—VARIANCE—MORTGAGED "MARES"—FINDING AS TO "HORSES."—Where the answer alleged the release by the defendant of two "mares," whose names were set forth as in the chattel mortgage pleaded in the complaint, which included no other horses or mares thus designated, a finding that two "horses" of those names were released, does not show a substantial variance, or a failure to find upon the issue presented by the answer; but

sufficiently refers to the identical animals described in the pleadings. The term "horse" is generic, and includes the different species, however diversified by age, sex, or otherwise.

APPEAL from a judgment of the Superior Court of Kings County. Justin Jacobs, Judge.

The facts are stated in the opinion.

Dixon L. Phillips, for Appellant.

Cosmor B. Clark, for Respondent.

CHIPMAN, C.—Trover. Plaintiff had judgment for the sum of two hundred and twenty dollars, from which defendant appeals on the judgment-roll alone. The pleadings are verified. The court found as facts that defendant was sheriff of Kings county during all the times mentioned in the complaint; that plaintiff was the owner and holder of a certain chattel mortgage, executed by one M. P. Troxler on certain horses therein described, to secure the indebtedness of the latter to plaintiff, and that said mortgage had been duly recorded in the records of said county; that afterward, to wit, on May 20, 1897, defendant, as sheriff, "without paying or tendering to plaintiff the amount of plaintiff's said mortgage debt and the interest due thereon, and without depositing said amount thereof with the county clerk or treasurer, as required by the provisions of 2969 of the Civil Code of the state of California, as such sheriff and acting in that capacity, levied upon, seized, and took and carried away the whole of said mortgaged property," except a horse called Medium, and said taking was by virtue of a writ of attachment in a certain suit wherein the Bank of Oroville was plaintiff and M. P. Troxler and Sarah A. Troxler were defendants; that on May 24, 1897, plaintiff .served a written notice upon defendant, duly verified, of the existence of said mortgage, and demanded that defendant pay to plaintiff the amount of said mortgage debt due plaintiff or that he release said property from said attachment; that defendant refused to do the one or the other, and still refuses, or to deposit the sum due with the county clerk or treasurer, or to tender plaintiff said amount, or to release said property so taken, "excepting those two certain horses named Molly and Pat, which were released";

that the amount of the mortgage debt was seven hundred and thirty-two dollars and ninety-four cents, and interest thereon four dollars and six cents; "that the value of said personal property so taken by defendant was at the time of the taking and is of the value of two hundred and twenty dollars."

As conclusion of law the court found that plaintiff was entitled to judgment for two hundred and twenty dollars, and judgment for that sum was accordingly entered.

1. Appellant contends that the complaint is fatally defective in failing to allege the property to be of any value. (Citing *Irwin v. McDowell*, 91 Cal. 122.) It was held in that case upon the question of the measure of damages that plaintiff's recovery should be "the full amount of the mortgage debt, if the property is worth enough to pay it; if not, then such amount only as it is worth." No question of pleading arose in the case or was decided by it. Plaintiff here alleged in his complaint the amount due upon the mortgage and claimed damage for that amount. We think this was sufficient to support the judgment for the value, which was much less than the mortgage debt. If the property in fact was of less value it was matter of defense. (Civ. Code, secs. 2969, 3338; *Irwin v. McDowell, supra.*)

Defendant alleged the value of the property to be no more than one hundred dollars. This allegation was deemed to be controverted, and the issue of the value of the property was thus presented.

2. There is nothing in appellant's point that the court failed to find upon the issue raised by the allegation of the answer that defendant did release the "*mare* named 'Mollie' and the *mare* named 'Pat' immediately after they were attached." The finding is, that "those two certain *horses* named Molly and Pat were released." There were no other horses or mares thus designated in the chattel mortgage. We think it sufficiently clear that the court intended by the finding to refer to the identical animals described in the answer and the complaint. The term "horse" is generic and includes ordinarily the different species of the animal, however diversified by age, sex, or artificial means. (Anderson's Law Dictionary.)

I advise that the judgment be affirmed.

Britt, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Garoutte, J., Harrison, J., Van Dyke, J.