STEWART v. NEWTON.

No. 8864.

1. PLEADINGS—*Motion to Strike Material Averments* in a complaint, sustained is error.

2. CONTRACTS—*Construed.* A promissory note was secured by deed of trust of lands, which recited that the moneys mentioned were advanced to be applied to the construction of certain improvements upon the described premises. There was an agreement that the moneys should be paid to the land owner by a day named. *Held* impossible to say that the lender was to disburse the money. Having failed without excuse to advance the full sum by the prescribed date, the borrower was entitled to recover the amount withheld.

*Error to Pueblo District Court, C. S. Essex, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Messrs. ADAMS & GAST, for defendant in error.

TELLER, J.   The plaintiff in error, who was plaintiff below, alleges that the trial court erred in sustaining a demurrer to her amended complaint, as well as in striking out parts of it.

The complaint, as amended, alleges that on March 9, 1914, she executed and delivered to the defendant her promissory note for the sum of $6,000, with a deed of trust securing the same; that said deed of trust recited that in addition to the real estate described in it, it "included a two-story brick residence to be erected upon the above premises, the moneys secured by this deed of trust being advanced for the purpose of being applied to the construction of such improvement"; that all of said $6,000 was to be paid to plaintiff on or before May 1, 1914; "that she had received only $4,170 of said money, though she had often demanded that defendant pay her the balance of said sum; that there was due her a balance of $1,830 and $176 interest paid on an amount named in the note which she had never received. Plaintiff demands judgment for $2,006.

The sole ground of demurrer was that the complaint does not state a cause of action since it is said:

It "shows on its face that the moneys in said complaint referred to were by the agreement of the parties hereto to be advanced for the purpose of being applied to the construction of a building on the lots in said amended complaint described, and contains no allegation that the defendant has refused to advance said moneys for said purpose, and contains no allegation that the plaintiff desires to use said moneys for said purpose."

If the complaint, after the granting of the motion to strike, was defective in the respect named, it yet remains to consider whether or not the portions stricken out supplied the alleged deficiencies.

(1)    In that part of paragraph 2 which was stricken out it is alleged that the defendant promised and agreed to release the deed of trust in the event that plaintiff was not paid the sum of $6,000 on May 1, 1914—

"the date upon which plaintiff should receive said amount, and the said entire amount of $6,000 would be paid plaintiff by said defendant on or before May 1, 1914."

It is then alleged that the delivery of the note and deed of trust was in consideration of defendant's said promises. That the entire sum was to be paid to plaintiff on May 1, 1914, is twice alleged later in said paragraph. To sustain the demurrer it is necessary to ignore these allegations and construe the recital in the deed of trust as giving the plaintiff a right simply to have $6,000 applied, through the defendant, on the construction of the residence mentioned as a part of the security. Such is not the fair import of the language of the complaint. A statement that the money was to be advanced for the purpose named does not necessarily mean that the defendant was to pay it out; and, in the face of the positive allegation that it was to be paid to plaintiff on a certain day, it cannot be said that the complaint fails to show a right to the funds.

(2)    It thus appearing that the amended complaint as filed stated a cause of action, it follows that the court erred

in striking out that part of the complaint which contained the allegations above mentioned. The effect of the court's order was to render the complaint defective, and so lead to a dismissal of the suit. The complaint sets out some transactions with the defendant which are closely connected with and somewhat explanatory of the giving of the note and deed of trust, and it is highly probable that some of these facts may have an important bearing on the rights of the parties to this litigation. The defendant should be required to answer, and the case be tried on its merits.

The judgment is reversed, and the cause remanded for further proceedings in harmony with the views above expressed.

White, C. J., and Hill, Jr., concur.