[L. A. No. 8996.   In Bank.—December 22, 1928.]

ELIZABETH H. CYR, Respondent, v. P. S. CYR, Appellant.

Griffith Jones and John J. Craig for Appellant.

Milligan & Ryzek for Respondent.

THE COURT.—This appeal was submitted upon an order to show cause, no respondent's brief having been filed. The action was one for the establishment in this state of a judgment for alimony in an action for divorce in the superior court of the county of Okanogan, state of Washington. The defendant filed a general demurrer, which was overruled, and upon his failure to further answer judgment in the plaintiff's favor was entered by default. The appeal from such judgment is upon the judgment-roll. The appellant makes two points upon the appeal. ■ The first is that the complaint does not state facts sufficient to constitute a cause of action and is based upon the following averment in plaintiff's complaint, namely, "that said judgment and no part thereof has been paid by said defendant and that there is now due and owing said plaintiff from said defendant the sum of $50.00 per month from the 18th day of December, 1918." It is the contention of the appellant that the foregoing averment fails to state that the judgment in question had not been paid. There is no merit in this contention. The foregoing averment, while inartificial in form, sufficiently shows the intendment of the plaintiff to be that no part of said judgment had been paid and was good as against the general demurrer. ■ The appellant's second contention is that the complaint did not state facts to give the court jurisdiction of the person of the defendant or the subject of the action. This contention is based upon the rather novel proposition that where a judgment is not a final award and is subject to modification by the court which granted it in one state, it cannot be enforced in an action for its establishment in another state. The authorities cited by the appellant do not support this contention. From all that appears on the face of this record the judgment of the Washington

court as to the amount payable to the plaintiff thereunder had become a finality long prior to the commencement of the present action in this state. It was therefore like any other money judgment enforceable in this state through an action for its establishment herein. ■ The superior court had jurisdiction to entertain such action. The defendant was duly served with process. He appeared herein and filed a general demurrer and thus submitted himself to the jurisdiction of the court. There is no merit in either of his contentions, which, as we have seen, are made upon the appeal upon the judgment-roll alone.

The judgment is affirmed.