[Civ. No. 3652. Third Appellate District.—January 9, 1929.]

FANNIE ALLERTON, Respondent, v. JOHN F. KING, Appellant.

R. W. Richardson for Appellant.

Irvin C. Taplin and Ivan Miller for Respondent.

SHIELDS, J., *pro tem.*—This is an action on a bond of indemnity given under the following circumstances: The defendant, John F. King, was employed as a fireman and laborer in the operation of a steam shovel, owned and operated by the brothers H. D. Allerton and D. F. Allerton. The Allertons failed to pay King for his labor, and on or about July 8, 1925, King began an action against them in the justice's court in the county of Los Angeles for the sum of $296. In this action he procured a writ of attachment which was duly levied upon the steam shovel owned by the defendants therein. The writ was levied by Walter Hanby, the constable of the township in which the action was pending. About the 15th of July, 1925, Fannie Allerton, the plaintiff in the case now before us, presented her verified claim to the constable, Hanby, showing that she was the holder of a promissory note for $6,500, secured by a chattel mortgage on the steam shovel, and demanding that the constable deliver up the property to her, or that her claim against the property be satisfied. About August 13, 1925, upon the demand of the constable, under section 2969 of the Civil Code, the defendant in this action, the plaintiff there, gave the bond therein provided for, with the defendants W. P. Cunningham and Fannie R. Cunningham as sureties, conditioned as in such cases. The brothers Allerton defaulted in the action in the justice's court, and judgment was rendered therein in favor of King. The steam shovel was thereafter sold under execution on this judgment, the price realized for it being $550. Thereafter, Fannie Allerton began an action against the brothers Allerton to foreclose her chattel mortgage. The defendant herein, John F. King, intervened in that action. In that action Fannie Allerton prevailed and was given a judgment for $7,258.20, the

judgment reciting that the Allerton brothers and the intervener King, and all persons claiming under them, be forever barred from any interest in the shovel property. Execution issued upon this judgment, which later was, by the sheriff, returned unsatisfied. This action was thereupon brought by Fannie Allerton upon the indemnity bond above mentioned against King, the principal therein, the Cunninghams, sureties thereon, and against the constable, Hanby. In this action she asked for an attorney fee of $2,500. For some reason which is not disclosed the Cunninghams and Hanby do not further appear in the record. Defendant King answered the complaint. Plaintiff thereupon filed a motion to strike out considerable portions of this answer, and at the same time filed a general demurrer thereto. The motion to strike was granted in its entirety. To the answer as it then stood the general demurrer was sustained. Defendant failed to amend his answer and his default was entered, and later, judgment was rendered against him for $10,058.44, and $36.25 costs. It is from this judgment, which is the somewhat startling result of defendant King's adventure in litigation, that this appeal is taken. He resorted to a justice's court to collect a small labor claim, admittedly due, and emerges with this heavy judgment against him. We think that the judgment was mistakenly arrived at. ■ In this action on defendant's bond by Fannie Allerton, her measure of damages was the value of the property converted. Respondent very plausibly contends otherwise, but the law in California seems settled to the contrary. In *Irwin* v. *McDowell*, 91 Cal. 119 [27 Pac. 601], the court thoroughly considers this matter. After reciting the provisions of section 3338 of the Civil Code, to the effect that ''one having a lien on personal property cannot recover greater damages for its conversion, from one having a right thereto superior to his, after his lien is discharged, than the amount secured by the lien,'' proceed to say: ''What is the amount *secured* by the lien? The answer must be, the full amount of the mortgage debt, if the property is worth enough to pay it; and if not, then such sum or amount only as it is worth. It would seem absurd to say, if the mortgage debt was a thousand dollars and the mortgaged property was worth only one hundred dollars, that the full amount of the debt was secured. As the court found that the total value of the property attached did not exceed the sum of $650.00, it

follows, in our opinion, that the plaintiff was not entitled to recover the full amount of the debt." (See, also, *Troxler* v. *Buckner*, 126 Cal. 288 [58 Pac. 691].) The very terms of the section under which the bond herein sued upon was given, section 2969 of the Civil Code, clearly implies the law to be so. It gives the attaching officer discretion to require the bond to be given in twice the amount of the mortgage debt or double the value of the mortgaged property.

Plaintiff Allerton, in this action, alleged in her complaint the amount due her upon her chattel mortgage, and this was enough to tender the issue of the value of the property converted. (*Troxler* v. *Buckner, supra.*) "If the property in fact was of less value, it was a matter of defense." (Id.) This defense the defendant King clearly endeavored to make. His answer was involved, and filled with recitals, legal conclusions, and other irrelevant matter. He endeavored to relitigate the validity of the chattel mortgage of the plaintiff. Most of this matter was properly stricken out. Defendant strangely failed to make a direct and positive allegation, unconnected with irrelevant matter, of the value of the steam shovel when taken. But his contention that it was of no greater value than $600 appears in many parts of his answer. At the conclusion of paragraph 2 of his answer he says: "and the value of the same did not exceed the sum of six hundred dollars ($600)." Paragraph 3 recites that the property was sold for $550, "which was the reasonable, fair value of said property." Paragraph 4 makes a further indirect contention of the smaller value of the property. Paragraph 7 does likewise. Paragraph 10 refers to the mortgage "on property of the value of not to exceed the sum of six hundred dollars ($600)." Paragraph 11, after irrelevantly reciting that the action was for conversion, concluded: "the damage in any event cannot exceed the value of said property, to-wit, a sum not in excess of six hundred dollars." With the exception of the unimportant statement made in paragraph 4 of defendant's answer, all of the matters above referred to were stricken out. We think that this was clearly erroneous.

A motion to strike out cannot be made to serve the purpose of a special demurrer. "A motion to strike out is not the proper method of attacking a pleading which is merely insufficient to state a cause of action, or defense, or which is defective in form, where the objection may be

reached upon demurrer.'' (21 Cal. Jur. 242.) The conclud-
ing words of paragraph 2 of defendant's answer, referring to
the property, that ''the real value of same did not exceed the
sum of six hundred dollars ($600),'' were not irrelevant
nor irresponsive to the complaint. Yet that is the ground
upon which they were requested to be stricken out. Read in
connection with the irregular and irrelevant matter which
preceded them, they were at most uncertain. To strike out
an allegation on that ground ''is not proper practice in this
State. The only remedy is by demurrer on the ground that
the complaint is ambiguous, unintelligible or uncertain under
section 430 of the Code of Civil Procedure.'' (*Mattson* v.
*Mattson*, 181 Cal. 44 [183 Pac. 443].) Defendant's repeated
references to the property and to its value made it clear that
a contention that it was not worth to exceed $600 was one of
the defenses upon which he wished to rely. ''To strike
out a pleading which is susceptible of being amended by a
statement of facts known to exist and which constitute a
cause of action, is a harsh proceeding and should only be
resorted to in extreme cases.'' (*Burns* v. *Scooffy*, 98 Cal.
271 [33 Pac. 86].) The proper practice on such motions is
well stated in *Pacific Factor Co.* v. *Adler*, 90 Cal. 110, at
page 116 [25 Am. St. Rep. 102, 27 Pac. 36, 37], where the
court says: ''The affirmative defense of the answer is de-
fectively pleaded, and should not have been allowed to stand
if attacked by demurrer. . . . But it is quite apparent from
the pleading taken as a whole that the defendant intended
by this defense to claim that the contract embraced in the
complaint formed part of the 'scheme or plan,' and was
therefore void as being against public policy. A defective
pleading cannot be stricken out by reason of its defects, upon
the ground of surplusage.'' The language above referred to
at the end of paragraph 2, and the words in paragraph 11
in reference to the converted property, that its value was
''to-wit, a sum not in excess of six hundred dollars ($600),''
should not have been stricken out. ■ These words ap-
pear in connection with other matter clearly irrelevant, but
as the motion to strike out was so broad as to include
relevant matter, the motion should have been denied in its
entirety. ■ The court should never strike out matter
which will leave the complaint defective, and thus lead
to a dismissal of the action. (*Stewart* v. *Newton Lumber*

*Co.,* 63 Colo. 137 [165 Pac. 255].)　With these allegations in the answer, even in the inartificial form in which they appear, the general demurrer should not have been sustained. "A general demurrer—that is, a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action—does not reach defects made grounds of special demurrer, such as . . . unintelligibility, ambiguity or uncertainty. It does not reach mere defects in allegations, defects in matter of form—as that the essential facts appear only inferentially, or as conclusions of law, or by way of recital." (21 Cal. Jur. 108.) In considering the sufficiency of a general demurrer, the "courts have always discriminated between insufficient facts and an insufficient statement of facts, and where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication," the demurrer will be overruled. (*Amestoy* v. *Electric R. T. Co.,* 95 Cal. 311, 314 [30 Pac. 550] ; *Cyr* v. *Cyr,* 206 Cal. 8 [272 Pac. 751].) The attorney fee asked by plaintiff in her complaint was $2,500. What sum was allowed by the court is not separately stated in the judgment, but calculation indicates that it probably was the entire sum prayed for. Appellant, with much emphasis, protests that the allowance of such a sum was improper. The exact state of facts upon which this allowance was made does not appear. On its face the allowance seems grossly excessive, but as the cause must be retried, we do no more than to call the matter to the attention of the court which will so rehear the case.

The judgment is reversed with directions to the trial court to deny the motion of plaintiff to strike out portions of the answer in so far as they relate to paragraph 2 and paragraph 11 of defendant's answer. The court is further directed to overrule plaintiff's demurrer to defendant's answer.

Hart, Acting P. J., and Plummer, J., concurred.