[Civ. No. 5358.   Fourth Dist.   Feb. 19, 1957.]

CLAYTON STRAUSS et al., Respondents, v. ANNIE OWENS et al., Defendants; OAD PORTER, Appellant.

Xenophon F. Lang for Appellant.

Crow, Mitchell & Hurlbutt for Respondents.

GRIFFIN, J.—On September 10, 1954, plaintiffs brought this action against defendants Annie Owens, John Doe, Jane Doe and Red Company, a corporation, arising out of a collision between a truck being driven by the plaintiff Clayton Strauss and owned by plaintiff American Transfer Company, and an automobile being driven by defendant Annie Owens (hereinafter referred to as defendant).

In the first cause of action it is alleged that the fictitiously named defendants were sued as owners of the motor vehicle being driven by defendant, which would make such defendants responsible for the alleged negligence of defendant Owens in her operation of the vehicle. Under other causes of action they are similarly named, and it is alleged therein that they were principals for defendant and that she was driving as their agent, thus making them liable for her claimed negligence. Only Annie Owens was served with the complaint and summons. On November 16, 1954, she appeared by answer, denied that the motor vehicle being driven by her was owned by the fictitious named defendants but alleged it was owned by one Gladys Porter, deceased. She also denied she was acting as agent of any defendant sued under a fictitious name. The case was set for trial for February 10, 1955, and by stipulation was continued to June 15, 1955.

On May 18, 1955, for the first time, appellant Oad Porter, without service of summons on him, sought to inject himself into said action by filing an answer and alleged that he was sued therein as John Doe. He denied all the allegations of plaintiffs' complaint but did not purport to identify himself as the owner of the vehicle involved nor as principal for whom defendant Owens may have been driving. In addition, he filed a cross-complaint against plaintiffs and only alleged that he was the father of a 2-year-old child who was riding as a guest with the defendant Owens when the child was killed as the result of plaintiffs' negligence. He sought damages against plaintiffs in the sum of $50,000. A demurrer to this cross-complaint was interposed by plaintiffs which included a ground that it could not be ascertained therefrom how or in what capacity Oad Porter was supposed to be one of the defendants named in the plaintiffs' complaint and sued therein as John Doe. Before ruling thereon appellant filed an

amended cross-complaint and failed to identify himself in any capacity which would make him accountable for any negligence of Annie Owens but only alleged that he was the father of the aforesaid deceased child, as heretofore indicated. A demurrer was again interposed on the same ground. On June 20, 1955, the trial court entered an order, in ruling on the demurrer, stating that appellant had not been served; that he did not show he was a party to the action or had any authority to file a cross-complaint under section 389 of the Code of Civil Procedure; that so far as the record was concerned, he was a complete stranger to the action and a motion to strike it, had it been made, would have been good. The demurrer was sustained with 15 days to amend. On June 24, 1955, appellant filed a motion for permission to file a cross-complaint on the ground he was a necessary party to a complete determination of the controversy. The motion came on for hearing. Plaintiffs' counsel appeared to oppose the motion, but due to the fact that there was no appearance by appellant or his counsel the motion was not heard. On July 8, 1955, the court, by minute order, without further notice to counsel for plaintiff, submitted the motion and granted it. Plaintiffs again demurred to said first amended cross-complaint then filed on the same ground heretofore indicated. The amended cross-complaint was couched in about the same terms as the original cross-complaint. Upon receiving notice of the subsequent overruling of the demurrer plaintiffs moved to strike from the record all of the pleadings filed in the action on behalf of the appellant on the ground he was not a proper party to the action and was not authorized to appear in it. This motion came on for hearing before Judge Stone and was denied. Plaintiffs claim this judge denied it upon the erroneous assumption that plaintiffs had been afforded an opportunity to oppose the motion for permission to file a cross-complaint and that the former judge (Machetanz) had already fully considered the question and had ruled upon it. Plaintiffs then moved for relief from the situation created under section 473 of the Code of Civil Procedure, and to avoid default under the cross-complaint filed an answer thereto and recited therein that by virtue of the filing of the answer plaintiffs did not waive their objection that appellant was not a proper party and did not waive their right to raise the question under the motion filed. These facts were presented in the form of an affidavit in support of the relief sought and no counteraffidavits were filed in

opposition to it. Judge Stone then heard the motion and vacated his order denying plaintiffs' motion to strike all the pleadings filed by appellant and ordered the matter transferred to Judge Machetanz' court for further hearing. This judge apparently recognized that he had ordered appellant's motion for permission to file a cross-complaint submitted without calling it for hearing and without giving plaintiffs' counsel an opportunity to resist or oppose said motion and he set aside his order granting said motion. He reinstated appellant's motion to file a cross-complaint to the law and motion calendar and due notice of the hearing thereon was given to appellant. On the day fixed, neither appellant nor his counsel appeared. Plaintiffs' counsel opposed the filing and the matter was submitted. On February 1, 1956, that judge entered an order to the effect that he did, on January 28, erroneously rule on the original motion for permission to file a cross-complaint without the matter being called for hearing and that it was submitted in the absence of counsel. He then stated that it appeared from the files in the case that appellant was never served as a fictitious named defendant; was not intended to be sued as a defendant; that judgment could never be obtained by plaintiffs against him; that accordingly appellant could not properly force himself into the case; and that he did not feel plaintiffs were estopped from moving to strike, by reason of having demurred to the improperly filed cross-complaint. He then denied appellant's request to file a cross-complaint and struck all pleadings filed by appellant and plaintiffs' demurrers and answers thereto. Thereafter the case was set for trial as to the remaining defendant and it has been determined as between plaintiffs and that defendant.

Appellant appeals from this order, claiming he was properly before the court as a necessary party to the action since appellant's cause of action arose out of the same transaction; that he was duly authorized by order of the court to appear in said action by cross-complaint; that the court erred in setting aside the previous orders allowing such action; and that plaintiffs appeared by demurrer and accordingly waived any objection to appellant's right to file a cross-complaint, citing such authority as *Farmers & Merchants Nat. Bank* v. *Peterson*, 5 Cal.2d 601, 606 [55 P.2d 867]; *Day* v. *Western Loan & Bldg. Co.*, 42 Cal.App.2d 226 [108 P.2d 702]; *Sax* v. *Clark*, 180 Cal. 287 [180 P. 821]; *Cyr* v. *Cyr*, 206 Cal. 8 [272 P. 751]; and Code Civ. Proc., §§ 389, 442 and 1014.

574

■ On the face of the complaint it does not appear that appellant was a necessary party to the original action or could so qualify. The fictitiously named defendants were limited to include only those who might own an interest in the motor vehicle and by reason thereof might be responsible for the negligence of the driver, and any person who, as principal, allowed Annie Owens, as his agent, to operate said vehicle, under the theory of *respondeat superior*. The deceased child admittedly was riding as a guest in said car, and plaintiffs do not claim any recovery from her. Appellant therefore was a stranger to the cause of action and was not entitled, as a matter of right, to appear in it. (*Mercantile Trust Co.* v. *Stockton etc. Co.*, 44 Cal.App. 558 [186 P. 1049]; *Bayle-Lacoste & Co.* v. *Superior Court*, 46 Cal.App.2d 636, 645 [116 P.2d 458]; *Cohen* v. *Hellman Commercial T. & S. Bank*, 133 Cal.App. 758, 764 [24 P.2d 960].) A complete determination of the controversy between plaintiffs and the defendants sued could be had without the presence of the appellant. Appellant never was served and never was intended to be a defendant in this action.

■ The order of the superior court allowing appellant to file a cross-complaint, under the circumstances here related, was subject to a motion to vacate under section 473 of the Code of Civil Procedure. No abuse of discretion appears in granting said orders.

■ As to the claimed estoppel or waiver of the right to question appellant's right to appear in the action, by virtue of the appearance of plaintiffs by demurring to and answering the cross-complaint, it appears that at the first opportunity plaintiffs appeared and demurred thereto and claimed that appellant did not affirmatively show he was a party entitled to file such a cross-complaint. The demurrer was sustained on this ground. The amended cross-complaint likewise set forth no sufficient grounds in this respect. Although there was an order entered granting the motion to file a cross-complaint, it was, according to the order, inadvertently granted without a proper notice of hearing. On every occasion, and at the first opportunity, plaintiffs did appear, either by demurrer or motion, and object to appellant injecting himself into this action on the ground stated. Timely motion was made to review the erroneous orders entered. ■ A waiver is the intentional relinquishment of a known right with knowledge of the facts. It is a voluntary act and implies an abandonment of a right which can be· enforced or of a privilege

which can be exercised. (25 Cal.Jur. p. 926, §§ 2 and 3.) No such intentional relinquishment of plaintiff's right to oppose the filing of a cross-complaint by appellant is here indicated. Under the circumstances it cannot be said that the court was in error in holding that plaintiffs did not waive the objection. The authorities cited by appellant are not inconsistent with the conclusions here reached.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.