[Civ. No. 25210. Third Dist. Oct. 22, 1985.]

ORESTE LODI, Plaintiff and Appellant, v.
ORESTE LODI, Defendant and Respondent.

**COUNSEL**

Oreste Lodi, in pro. per., for Plaintiff and Appellant and Defendant and Respondent.

**OPINION**

**SIMS, J.**—This case started when plaintiff Oreste Lodi sued himself in the Shasta County Superior Court.

 In a complaint styled "Action to Quiet Title Equity," plaintiff named himself, under the title "Oreste Lodi, Beneficiary," as defendant. The pleading alleges that defendant Lodi is the beneficiary of a charitable trust,

the estate of which would revert to plaintiff Lodi, as "Reversioner," upon notice. Plaintiff attached as exhibit A to his complaint a copy of his 1923 New York birth certificate, which he asserts is the "certificate of power of appointment and conveyance" transferring reversioner's estate to the charitable trust. Plaintiff Lodi goes on to allege that for 61 years (i.e., since plaintiff/defendant was born), defendant has controlled the estate, that plaintiff has notified defendant of the termination of the trust by a written "Revocation of all Power" (which apparently seeks to revoke his birth certificate), but that defendant "intentionally persist [*sic*] to control said estate . . . ." Plaintiff requested an order that he is absolutely entitled to possession of the estate, and terminating all claims against the estate by any and all persons "claiming" under defendant.[1]

The complaint was duly served by plaintiff Lodi, as "Reversioner," upon himself as defendant/beneficiary. When defendant/beneficiary Lodi failed to answer, plaintiff/reversioner Lodi had a clerk's default entered and thereafter requested entry of a default judgment. At the hearing on the entry of a default judgment, the superior court denied the request to enter judgment and dismissed the complaint.[2]

In this court, appellant and respondent are the same person.[3] Each party has filed a brief.

■ The only question presented is whether the trial court properly dismissed the complaint even though no party sought dismissal or objected to entry of judgment as requested.

As is obvious, the complaint states no cognizable claim for relief. Plaintiff's birth certificate did not create a charitable trust; consequently, there was no trust which could be terminated by notice. In the arena of pleadings, the one at issue here is a slam-dunk frivolous complaint.

We conclude the trial court was empowered to strike or dismiss the complaint by section 436 of the Code of Civil Procedure[4] which provides in pertinent part: "The court may, upon a motion . . . or at any time in its

---

[1]The purpose of plaintiff's action is not entirely clear. However, we note plaintiff caused a complimentary copy of his complaint to be served upon the Internal Revenue Service. It may be that plaintiff hoped to obtain a state court judgment that, he thought, would be of advantage to him under the Internal Revenue Code.

[2]The minute order indicates that the court also suggested to plaintiff/reversioner/defendant/beneficiary that he seek the assistance of legal counsel.

[3]Plaintiff/reversioner filed a notice of appeal from the order of dismissal. No judgment was entered. However, in the interest of judicial economy, we treat the notice of appeal as one from the judgment. (Cal. Rules of Court, rule 2(c).)

[4]All further statutory references are to this code.

discretion, and upon terms it deems proper: . . . [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

Section 425.10 provides in pertinent part: "A complaint . . . shall contain . . . the following: [¶] A statement of the facts constituting the cause of action, in ordinary and concise language."

Discussing the notion of a "cause of action," Witkin writes: "California follows the 'primary right theory' of Pomeroy: 'Every judicial action must therefore involve the following elements: a *primary right* possessed by the plaintiff, and a corresponding *primary duty* devolving upon the defendant; a *delict or wrong* done by the defendant which consisted in a breach of such primary right and duty; a *remedial right* in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the *remedy or relief* itself. . . . Of these elements, the *primary right and duty and the delict or wrong combined constitute the cause of action. . . .* [T]he existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the *facts* from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the *facts* which constitute the defendant's delict or act of wrong.' " (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67, quoting Pomeroy, Code Remedies (5th ed.) p. 528, italics in original.)

Here, plaintiff's complaint fails to state facts showing a primary right by plaintiff or a primary duty devolving on defendant or a wrong done by defendant. The complaint therefore fails to state facts constituting a cause of action as required by section 425.10. Consequently, the complaint was not drawn in conformity with the laws of this state and was thus properly subject to the court's own motion to strike under section 436, subdivision (b).

We need not consider whether the court's power under this statute should be exercised where plaintiff seeks leave to amend. Here, so far as the record before us shows, plaintiff made no such request nor is any prospect of saving the pleading by amendment apparent. The trial court therefore properly struck and dismissed the complaint on its own motion. (§ 436, subd. (b).)

In the circumstances, this result cannot be unfair to Mr. Lodi. Although it is true that, as plaintiff and appellant, he loses, it is equally true that, as defendant and respondent, he wins! It is hard to imagine a more even handed

application of justice. Truly, it would appear that Oreste Lodi is that rare litigant who is assured of both victory and defeat regardless of which side triumphs.

We have considered whether respondent/defendant/beneficiary should be awarded his costs of suit on appeal, which he could thereafter recover from himself. However, we believe the equities are better served by requiring each party to bear his own costs on appeal.

The judgment (order) is affirmed. Each party shall bear his own costs.

Regan, Acting P. J., and Carr, J., concurred.