Filed 6/24/15   Phillips v. American Home Mortgage Servicing CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| BRUCE DAVID PHILLIPS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., et al.,<br><br>Defendants and Respondents. | B244576<br><br>(Los Angeles County<br>Super. Ct. No. SC115407) |


APPEAL from a judgment of the Superior Court of Los Angeles County, H. Chester Horn, Jr., Judge.  Affirmed.

Bruce David Phillips, in pro. per., for Plaintiff and Appellant.

Wright Finlay & Zak, Jonathan D. Fink and Magdalena D. Kozinska for Defendants and Respondents Homeward Residential, Inc. formerly known as American Home Mortgage Servicing, Inc., and Deutsche Bank National Trust Company as Trustee for HSI Asset Securitization Corporation 2006-OPT3 Mortgage Pass-Through Certificates, Series 2006-OPT3.

Brooks Bauer and Bruce T. Bauer for Defendant and Respondent Sand Canyon Corporation formerly known as Option One Mortgage Corporation.

## INTRODUCTION

Plaintiff and appellant Bruce David Phillips sued defendants and respondents Sand Canyon Corporation (formerly known as Option One Mortgage Corporation); Homeward Residential, Inc. (formerly known as American Home Mortgage Servicing, Inc.); and Deutsche Bank National Trust Company as Trustee for HSI Asset Securitization Corporation 2006-OPT3 Mortgage Pass-Through Certificates, Series 2006-OPT3. Finding Phillips's pleadings to be indecipherable, the trial court, on its own motion, struck Phillips's original, first amended, and second amended complaints, under Code of Civil Procedure sections 128 and 436,[1] and entered judgment against Phillips. Although we find that the trial court could not use sections 128 and 436 as a substitute for a demurrer without considering the substantive merits of the pleading, we nonetheless conclude that judgment was properly entered against Phillips because his second amended complaint (SAC) failed to state a cause of action. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Factual background.[2]

Phillips owned residential property at 715 Iliff Street in the Pacific Palisades (the Property). Option One loaned $1,050,000 to Phillips. As security for the loan, Phillips executed, on October 28, 2005, a deed of trust on the Property (the Senior Trust Deed). Option One assigned the Senior Trust Deed to Sand Canyon. Sand Canyon assigned the Senior Trust Deed to Deutsche Bank. Homeward serviced the Senior Trust Deed. Phillips defaulted on the loan in 2007.

It appears that Phillips obtained a second loan secured by a deed of trust against the Property (the Junior Trust Deed).[3] The Junior Trust Deed was assigned to the Stanley

---

[1]     All further undesignated statutory references are to the Code of Civil Procedure.

[2]     The factual background is from the SAC.

[3]     Homeward and Deutsche Bank filed a request for judicial notice of various documents, including the Junior Trust Deed, in support of their demurrer to the SAC.

2

Trust,[4] which apparently foreclosed on the Property, because a trustee's deed of sale was recorded on June 4, 2008. The Stanley Trust's junior interest in the Property remained subject to the Senior Trust Deed.

In June 2008, Phillips sued the Stanley Trust for wrongful foreclosure. The complaint was dismissed with prejudice as to "Defendants Edmon Keller Stanley, TTE and FCI, Inc. only." The entire complaint was dismissed without prejudice.

Phillips lived at the Property until September 2, 2008.[5]

## II.    Procedural background.

### A.    *The complaint*.

On December 30, 2011, Phillips, in propria persona, filed a complaint, which is not in the record on appeal. Sand Canyon demurred to the complaint.

On March 20, 2012, the trial court, on its own motion, struck the complaint with leave to amend under sections 128 and 436: The court found: "The complaint is uncertain in numerous material respects, and replete with extraneous/needless (and sometimes confusing) facts in other respects. In other words, the complaint fails to state in a cogent manner Plaintiff's theories of liability, the facts pertinent to each theory of liability in 'ordinary and concise' language, and the requisite elements of each . . . theory of liability. See, . . . section 425.10. In this regard, Plaintiff's attachment of a separate declaration to the complaint is procedurally improper; all allegations must be included in the body of the complaint." The court ordered Phillips to comply with section 425.10 and reminded him that "a litigant who decides to appear in propria

---

[4]    In this action, Phillips also named as defendants Edmon Keller Stanley and Clevette Mae Stanley Family Trust; the Estate of Edmon Keller Stanley; Trustee for the Edmon Keller Stanley and Clevette Mae Stanley Family Trust; Craig Stanley; and the testate and intestate successors of Edmon Keller Stanley (collectively, the Stanley defendants or the Stanley Trust). The record indicates that the "Stanley Family Trust" demurred to the SAC, but the demurrer is not in the record and the Stanley defendants have not filed a respondents' brief on appeal.

[5]    Phillips states in his opening brief that he moved out of the house pursuant to a stipulated workout agreement.

3

persona 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' "

The trial court advanced the hearing on Sand Canyon's demurrer and took the demurrer off-calendar as moot.

B.  *The first amended complaint (FAC).*

On April 20, 2012, Phillips filed his FAC.  Sand Canyon; Homeward and Deutsche Bank; and the Stanley Family Trust separately demurred to the FAC.[6]

The trial court, on its own motion, struck the FAC with leave to amend, under sections 128 and 436.  The court ruled, "Notwithstanding the Court's March 20, 2012 ruling, the amended complaint once again fails to state in a cogent manner Plaintiff's theories of liability, the facts pertinent to each theory of liability in 'ordinary and concise' language, and the requisite elements of each . . . theory of liability.  See, . . . Section 425.10.  In this regard, the [court] agrees with Sand Canyon's assertion that the amended complaint, in addition to being 'lengthy,' is 'obtuse . . . .'  Sand Canyon Demurrer, at 5:7.  The Court is under no obligation to, and declines to, wade through the FAC's 58 pages of allegations, and 15 exhibits, in order to discern the bases for Plaintiff's claims.  Similarly, it has no obligation to rely on defense counsel to glean the pertinent facts and theories from the operative complaint; the burden is on Plaintiff to properly plead his claims in a cogent manner.  [¶]  Further, notwithstanding the Court's March 20, 2012 ruling expressly requiring that the FAC, among other things, 'comply in all respects with . . . all applicable California Rules of Court,' and notwithstanding the attachment of 15 exhibits thereto, the FAC lacks the exhibit tabs required by CRC 3.1110(f).  [¶]  Plaintiff's claims, as currently alleged, are so uncertain as to preclude efficient and meaningful evaluation of the general demurrers thereto."  The court again ordered plaintiff to comply with section 425.10 and informed Phillips that this would "likely be" his last opportunity to amend.

---

[6]     Neither the FAC nor the demurrers are part of the record on appeal.

The court took the demurrers off-calendar as moot.

Phillips told the trial court he was "fully in accordance with" the tentative ruling and "I will amend as instructed."

C.    *The SAC.*

On July 24, 2012, Phillips filed his SAC for "quiet title to real property, for damages, injunctive and other equitable relief." It alleged these causes of action: (1) intentional interference with contractual relations; (2) trespass; (3) conversion; (4) obstruction of correspondence; (5) breach of written contract; (6) wrongful levy; (7) breach of fiduciary duty; (8) unfair business practices (Bus. & Prof. Code, § 17200); (9) negligence-malfeasance (count 1) and negligence-misfeasance (count 2); (10) replevin; (11) unjust enrichment; and (12) quiet title.[7] The SAC consisted of 60 pages, plus exhibits.

Homeward and Deutsche Bank demurred under section 430.10, subdivisions (e) and (f).[8] Homeward and Deutsche Bank argued that the demurrers should be sustained because of, among other things, the "severe defects" in pleading. They also argued that, contrary to Phillips's contention, the junior lienholder could make payments on the senior mortgage; that Phillips had not alleged tender to cure the default on the senior mortgage; and that res judicata and collateral estoppel barred the complaint.

Phillips filed written opposition to the demurrer.

---

[7]    The Stanley defendants, Homeward, and Sand Canyon were named on the first cause of action. Only the Stanley defendants were named on the second, third, fourth, ninth (count 1), 10th, and 12th causes of action. Homeward, Deutsche Bank, and Sand Canyon were named on the fifth cause of action. The Stanley defendants, Homeward, and Deutsche Bank were named on the sixth cause of action. Homeward and Deutsche Bank were named on the seventh cause of action. Homeward, Deutsche Bank, Sand Canyon, and the Stanley defendants were named on the eighth and ninth (count 2) causes of action. All defendants were named on the 11th cause of action.

[8]    Sand Canyon also demurred. The demurrer is not part of the record on appeal. The Stanley Trust separately demurred, and its demurrer is not in the record on appeal.

5

D.    *The trial court's judgment.*

Phillips appeared at the scheduled hearing on the demurrers.  The proceedings were unreported.

The trial court again struck Phillips's pleading.  The court ruled:  "Three sets of defendants have demurred to Plaintiff in propria persona's [SAC].  The Court will strike the incomprehensible pleading (as it did the prior iterations of the complaint), thereby rendering the demurrers moot.  This time, however, the Court will dismiss the action.  [¶] Notwithstanding the Court's March 20, 2012 and June 15, 2012 rulings, the 191-paragraph SAC (to which 24 exhibits are appended), like the two prior iterations of the complaint, fails to state in a cogent manner Plaintiff's theories of liability, the facts pertinent to each theory of liability in 'ordinary and concise' language, and the requisite elements of each . . . theory of liability.  See, . . . Section 425.10.  In other words, the SAC is obtuse and indecipherable to the Court.  [¶]  The Court previously admonished Plaintiff that it 'has no obligation to rely on defense counsel to glean the pertinent facts and theories from the operative complaint; the burden is on Plaintiff to properly plead his claims in a cogent manner.'  June 15, 2012 Minute order, at 2.  The Court also stated: 'This will likely be Plaintiff's last opportunity to amend.  [Para.]  Plaintiff is once again reminded that a litigant who decides to appear in propria persona is entitled to the same, but no greater, consideration than other litigants and attorneys . . . .'  June 15, 2012 Minute order, at 3 (internal quotations omitted).  [¶]  Plaintiff has not shown how he can amend the complaint to state a valid claim against any defendant, nor does the Court believe that he will do so.  [¶]  The Court, on its own motion pursuant to . . . Sections 128 and 436, strikes Plaintiff's [SAC] in its entirety without leave to amend.  All demurrers are taken off-calendar as moot."

Judgment was entered on October 30, 2012.

## DISCUSSION

Instead of ruling on the demurrers, the trial court employed the unusual procedure of striking the SAC under section 128,[9] which concerns a court's inherent power to control litigation, and under section 436,[10] which concerns motions to strike. Traditionally, a motion to strike is used to reach defects in a pleading that are not subject to a demurrer. (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1008, p. 420; see, e.g., *Hale v. Laden* (1986) 178 Cal.App.3d 668, 673 [trial court, as a "ministerial act," could strike cross-complaint which became irrelevant].) A motion to strike, for example, may be used to strike a pleading filed without leave of court. (*Stafford v. Ballinger* (1962) 199 Cal.App.2d 289, 297-298 [where prior demurrers sustained without leave to amend, court could strike amended pleading filed without court's permission].) Or a motion to strike may be used to strike false, i.e., untrue, matter in a pleading. (*Garcia v. Sterling* (1985) 176 Cal.App.3d 17, 20, 22.)

A motion to strike, however, may not be used in place of a demurrer. " 'A motion to strike out is not the proper method of attacking a pleading which is merely insufficient

---

[9] Section 128 provides, in part: "(a) Every court shall have the power to do all of the following: [¶] (1) To preserve and enforce order in its immediate presence. [¶] (2) To enforce order in the proceedings before it, or before a person or persons empowered to conduct a judicial investigation under its authority. [¶] (3) To provide for the orderly conduct of proceedings before it, or its officers. [¶] (4) To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein. [¶] (5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto. . . ." Section 128 codifies "the principle of '[t]he inherent power of the trial court to exercise reasonable control over litigation before it, as well as the inherent and equitable power to achieve justice and prevent misuse of processes lawfully issued . . . .' [Citation.]" (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1021.)

[10] Section 436 provides: "The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: [¶] (a) Strike out any irrelevant, false, or improper matter inserted in any pleading. [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

7

to state a cause of action, or defense, or which is defective in form, where the objection may be reached upon demurrer.' [Citation.]" (*Allerton v. King* (1929) 96 Cal.App. 230, 233-234; but see *Lodi v. Lodi* (1985) 173 Cal.App.3d 628.)[11]  Although section 436, subdivision (b) "might be broadly construed to reach *any* deficiency in a pleading, including substantive ones, that is not its purpose or effect.  Rather it authorizes the striking of a pleading due to improprieties in its *form* or in the *procedures* pursuant to which it was filed.  This provision is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court." (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 528.)

Here, the trial court found Phillips's SAC to be so "obtuse and indecipherable" as to preclude evaluation of the demurrers.  The court equated this obtuseness with defect in the *form* of the pleading.  But this is not a problem of form or of procedure.  Aside from the attachment of improper exhibits, the "form" of the SAC is proper.  True, the SAC is lengthy, poorly written and ambiguous.  Nonetheless, where such a pleading is presented to the trial court, there is a procedural device to address it:  the demurrer. (§ 430.10.)[12]  Unfortunately, to determine whether a general and special demurrer are meritorious, courts often must wade through seemingly unfathomable pleadings written by laypersons and, indeed, often by attorneys.  Review of such a document is demanding of a court's already limited resources.  Still, a motion to strike may not be used as the functional equivalent of a demurrer, in the absence of the trial court's consideration of whether any cause of action had been stated.  (See *Ferraro v. Camarlinghi, supra,*

---

[11]  *Lodi* is so factually unusual as to be of limited precedential value.  In that case, plaintiff and defendant were the same person; plaintiff sued himself to quiet title.  When plaintiff failed to answer his complaint, he requested entry of judgment.  (*Lodi v. Lodi*, *supra*, 173 Cal.App.3d at p. 630.)  The trial court, on its own motion, struck the complaint, because the complaint failed to state facts constituting a cause of action, as required by section 425.10.  "Consequently, the complaint was not drawn in conformity with the laws of this state and was thus properly subject to the court's own motion to strike under section 436 . . . ." (*Lodi*, at p. 631.)

[12]  Alternatively, section 438 authorizes motions for judgment on the pleadings.

8

161 Cal.App.4th at p. 529.)  Similarly, striking complaints under section 128 that do not state causes of action because a plaintiff violated a court's order to state "a cause of action" is based on circular reasoning, and it renders a general demurrer under section 430.10, subdivision (e), irrelevant.  Neither sections 436 nor 128 relieved the trial court of its duty to determine whether the SAC states facts sufficient to constitute a cause of action.

Although the trial court therefore should have considered the demurrers, remand for the court to do so would waste judicial resources.  Instead, we treat the court's order as the functional equivalent of an order sustaining the demurrers without leave to amend and conduct an independent review, which includes considering whether Phillips can amend his complaint.  (See generally *Ferraro v. Camarlinghi, supra,* 161 Cal.App.4th at p. 529; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [stating standard of review of rulings on demurrers]; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see also *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19 ["a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason.  If right upon any theory of the law applicable to the case, it must be sustained . . . ."].)

This is what can be gleaned from the SAC:  Phillips owned residential property.  He took out a note secured by a deed of trust on the Property.  He defaulted.  He apparently took out a second note secured by a deed of trust on the Property.  He defaulted on the second loan.  The junior lien holder foreclosed and took the Property subject to the senior deed of trust.  The junior lien holder made payments on the senior mortgage.  It is these payments about which Phillips appears primarily to complain in the SAC.

These allegations reveal at least one fatal problem:  Phillips does not allege a legally cognizable interest in the Property.  Rather, he concedes he is "not fee simple owner" of the Property and has not resided at the Property since September 2008.  He also concedes he defaulted on the Senior Trust Deed because he has not made payments

9

since 2007. The SAC also indicates that the Stanley Trust, the junior lien holder, foreclosed on the Property, because a trustee's deed of sale was recorded on June 4, 2008.

These allegations are fatal, at a minimum, to Phillips's causes of action to recover property; specifically, trespass, conversion, replevin, unjust enrichment, and quiet title. The trespass claim is based on allegations the Stanley Trust is occupying and/or renting the Property. The conversion claim alleges that rental monies the Stanley Trust receives from the Property is a conversion of Phillips's property. (See generally *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 451 [" 'Conversion is the wrongful exercise of dominion over the property of another' "].) Phillips's replevin, unjust enrichment,[13] and quiet title causes of action similarly seek to recover the Property. But because Phillips has alleged no cognizable right to occupy the Property or to the rental income, these causes of action are not stated.

Phillips, however, appears to base his ownership claims, as well as his causes of action for intentional interference with contractual relations, for breach of contract and for unfair business practices, on payments made by the junior lien holder (the Stanley Trust) towards the Senior Trust Deed and on Deutsche Bank's acceptance of those payments.[14] To the extent the SAC states facts sufficient to show that the Stanley Trust held a junior lien against the Property, the Stanley Trust could redeem the Property from a senior lien and be subrogated to all benefits of the senior lien. (Civ. Code, § 2904; *Pacific Trust Co. TTEE v. Fidelity Fed. Sav. & Loan Assn.* (1986) 184 Cal.App.3d 817, 825 ["Since foreclosure of a senior lien will erase the security interest of a junior lien [citation], at the threat of foreclosure a junior lienor is entitled, even without express contractual authority, to reinstate the loan by making a payment sufficient to cure the default (Civ. Code, § 2924c) or to pay off the senior lien and become subrogated to the

---

[13]     " ' "[T]here is no cause of action in California for unjust enrichment." ' " (*Levine v. Blue Shield of California* (2010) 189 Cal.App.4th 1117, 1138.)

[14]     The Senior Trust Deed was assigned to Sand Canyon and then to Deutsche Bank in October 2006.

10

rights of the senior lienholder as against the owner of the property. [Citations.]"], fn. omitted.) The holder of the Senior Trust Deed could accept those payments and communicate with parties other than Phillips about them. It is therefore unclear how defendants' acceptance of payments from and communications with the junior lien holder constitute a breach of or interference with a contract, an unfair business practice or otherwise establish Phillips's legal interest in the Property.

Next, Phillips bases his "obstruction of correspondence" cause of action on allegations the Stanley defendants stole or destroyed mail sent to Phillips at the Property. Such behavior might give rise to a criminal action, for example, for theft. (See, e.g., 18 U.S.C.S. § 1708.) But "obstruction of correspondence" is not a cause of action, and it is unclear what civil claim such action might give rise to.

In his wrongful levy cause of action, Phillips alleges that Homeward "reported monies received from May 2008 to December 2011 from the Stanley Defendants for application to the Senior Trust Deed to the California Franchise Tax Board and the Federal Internal Revenue Service under [Phillips's] Social Security Number when [Phillips] made no such payments." The Franchise Tax Board has told Phillips he has a $360,000 annual income, when Phillips's income is $5,000. Phillips believes that payments made for the benefit of the Senior Trust Deed have caused the Franchise Tax Board to file a tax lien against him. Defendants point out, among other things, that Phillips has not alleged that any of his property has been wrongfully levied; he merely alleges that notice of a tax lien has been filed. Phillips agrees defendants "might be right."

Phillips also alleges that Deutsche Bank and Homeward owed him a fiduciary duty. Deutsche Bank is the beneficiary of the Senior Trust Deed. Homeward serviced the loan. Absent special circumstances, however, a fiduciary relationship does not exist between a borrower and lender in an arm's length transaction. (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 206; *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, fn. 1.) Phillips acknowledges this general rule

11

but claims he had more than a "simple lender-borrower relationship" with defendants because defendants failed to deal "exclusively" with Phillips and filed "false reports to federal and state tax and securities agencies as to funds received from Phillips for the Senior Trust Deed." But, as we have said, defendants had no obligation to deal "exclusively" with Phillips and could make and accept payments in connection with the senior lien.

Phillips's negligence claims appear to be based on the Stanley defendants' failure "to perfect their junior and inferior title to" Property by retiring the Senior Trust Deed. They "falsely personated" Phillips and acted in his "stead and attempted to make periodic payments using" Phillips's social security number and other identifying information. The other defendants "acquiesced" to these actions. Phillips cites as an example of negligence that Homeward/American Home Mortgage entered into a stipulated workout agreement with the Stanley defendants. It is uncertain how these allegations show negligence. Phillips was in default on his loan, and, as we have said, the junior lien holder could pay off the senior lien.

Finally, although demurrers for uncertainty under section 430.10, subdivision (f), are disfavored (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616), Phillips was given three opportunities to amend his pleading. Yet, the SAC continues to contain vague or conclusory allegations that fail to state a claim.[15] We therefore do not see how Phillips can amend his pleading. Moreover, Phillips had a duty to provide an adequate record to demonstrate error. The hearing at which the trial court struck the SAC was unreported, and Phillips has not provided an agreed or settled statement on appeal.

---

**15** Phillips, for example, alleges: "Plaintiff is not fee simple owner of Plaintiff's Subject Property. Plaintiff's ownership interest is derived from the Senior Trust Deed . . . and the fact that The Los Angeles County Tax [Assessor's] records show Plaintiff is the owner of Plaintiff's Subject Property. . . . Plaintiff learned September 12, 2011 that the Stanley Defendant's failed to perfect their junior and imperfect title as of May 21, 2008 to Plaintiff's Subject Property that they derived from the Stanley Deed Upon Sale . . . . As a remedy, Plaintiff filed this instant action . . . ."

12

(Cal. Rules of Court, rules 8.120(b), 8.134, 8.137.)  He also has not provided the original complaint and FAC.  Phillips, as appellant, had a duty to provide an adequate record to demonstrate error.  (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1; *Rossiter v. Benoit* (1979) 88 Cal.App.3d.706, 712, overruled on another ground by *Wilson v. Garcia* (1985) 471 U.S. 261.)  To the extent the record here precludes an adequate review of, for example, what the trial court considered at the hearing striking the SAC and whether the SAC can be amended, we make all reasonable inferences in favor of the judgment. (*Rossiter*, at p. 712.)

## DISPOSITION

The judgment is affirmed.  Parties are to bear their own costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:



EDMON, P. J.



EGERTON, J.[*]

---

[*] Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.