[Civ. No. 22817. Second Dist., Div. Two. Mar. 28, 1958.]

JOHN B. HILL, Respondent, v. J. D. WRATHER, JR. et al., Appellants.

*Assigned by Chairman of Judicial Council.

Kaplan, Livingston, Goodwin & Berkowitz, Monte E. Livingston, Bayard F. Berman and Arthur L. Stashower, for Appellants.

John W. Preston, Jr., and Robert P. Schifferman for Respondent.

KINCAID, J. pro tem.* — Defendants - appellants appeal from the judgment rendered in favor of plaintiff-respondent, based upon a promissory note in the amount of $75,000, interest and attorney fees, on the grounds that the trial court committed prejudicial error in (1) granting plaintiff's motion to strike the cross-complaint; (2) in granting plaintiff's motion to strike portions of the first amended answer; and (3) in denying defendants' motion for leave to join as a cross-defendant the new party, Maria Helen Alvarez.

For convenience, the defendants-appellants will hereinafter be referred to as "defendants," or "the Wrathers," plaintiff-respondent as "plaintiff" or "Hill" and Maria Helen Alvarez as "Alvarez."

On September 4, 1956, plaintiff commenced his action in the court below to recover from defendants (and an additional defendant, General Television, Inc., as to which the suit was dismissed prior to judgment) the sum of $75,000, plus interest, allegedly due under a promissory note dated August 5, 1952. Defendants filed separate answers on September 21, 1956, and November 2, 1956. Thereafter, plaintiff moved to strike defendants' answers and for summary judgment, and defendants moved for leave to file a proposed cross-complaint and proposed amended answer and for an order joining as a cross-defendant the new party named in the proposed cross-complaint, Alvarez. These proceedings resulted in a minute order which denied plaintiff's motion to strike and for sum-

*Assigned by Chairman of Judicial Council.

mary judgment, denied defendants' motion for an order
joining Alvarez as a cross-defendant, and granted defendants'
motion for leave to file their proposed cross-complaint and
proposed amended answer. This order was entered on Jan-
uary 4, 1957. Defendants then filed their cross-complaint
and first amended answer in the form of the proposed plead-
ings. Thereafter, plaintiff demurred to defendants' cross-
complaint and amended answer and moved the court for an
order striking these pleadings, for summary judgment and/or
judgment on the pleadings. On February 6, 1957, an order
was made which overruled plaintiff's demurrer to defendants'
first amended answer, placed off calendar plaintiff's demurrer
to the cross-complaint, denied plaintiff's motion for summary
judgment and/or judgment on the pleadings, and granted
plaintiff's motion to strike the cross-complaint and the follow-
ing portions of the first amended answer: Paragraphs X
through XV of the first counterclaim, the second and third
counterclaims in their entirety, and paragraph 2 of the prayer.
This minute order was entered on February 8, 1957.

█ It is clear that the orders herein striking from the
files the cross-complaint, certain of the affirmative defenses
in the amended answer and the counterclaims are not sepa-
rately appealable. Such orders are interlocutory in character
and are not included among those scheduled in section 963,
Code of Civil Procedure, from which appeal may be taken.
Hence such orders are reviewable only on an appeal from
the final judgment. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118
[199 P.2d 668]; *Couch* v. *McGregor*, 19 Cal.App.2d 633, 634
[66 P.2d 159]; *Merchants Nat. Bank* v. *Clark-Parker Co.*,
97 Cal.App. 757 [276 P. 387].) █ The order denying
defendants' motion to bring in the new party Alvarez is
likewise not appealable and must be considered on the appeal
from the final judgment. (*Evans* v. *Dabney*, 37 Cal.2d 758,
760 [235 P.2d 604].)

The material allegations of the cross-complaint are identical
with those of the first and second counterclaims of defendants'
amended answer. Section 442, Code of Civil Procedure,
authorizes the filing of a cross-complaint whenever the de-
fendant seeks affirmative relief relating to or depending upon
the transaction upon which the action is brought. Prior to
adoption of the 1957 amendment to section 442, if a new
party named as a cross-defendant in a cross-complaint was
necessary to a complete determination of the controversy then
before the court, within the meaning of section 389, Code of

Civil Procedure, the court was required to order him brought in as a party cross-defendant. (*Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171].)

The facts of the transactions as claimed by defendants are set forth in the cross-complaint generally as follows: About April 22, 1952, cross-defendants Hill and Alvarez each owned 150 shares of television company stock representing 15 per cent interest for each and were employed as the managers of station KOTV. The other 70 per cent of the stock was owned by George E. Cameron, Jr., who sold it to defendants. Defendants then went to Oklahoma and personally investigated the television company and station and met Hill and Alvarez. The latter agreed to continue to manage the station in consideration of an increase in their total ownership interest from 30 per cent to 50 per cent. Later Hill indicated his desire to sell his stock to defendants and in reliance upon claimed misrepresentations of material facts by Hill and Alvarez as hereinafter set forth, defendants agreed to purchase Hill's 150 shares for $400,000 and entered into an oral agreement with Alvarez to increase her ownership interest in the television station from 15 per cent to 50 per cent in consideration of her agreement to manage such station. Defendants thereafter caused capital stock of the television company to be issued to Alvarez to increase her holdings accordingly. The claimed misrepresentations of material facts and active concealment and suppression thereof by Hill and Alvarez consisted of behavior and acts on their part in an impersonal manner towards each other, referring to the other as if the other were a single unmarried person and as if he or she were engaging in a separate and individual deal with defendants and had no interest in the other's deal; each actively concealed and suppressed the fact that a long standing personal relationship existed with the other with each having a financial stake in the benefits and profits to be derived by the other; actively concealing and suppressing the fact that they were married to each other and/or lived together as husband and wife and behaving in such manner as to lead defendants to believe that each bore the same arm's length relationship to each other as to defendants. Hill and Alvarez made such representations to induce the Wrathers to execute and carry out the agreements of April 22, 1952, with Hill and with Alvarez and in reliance thereon and induced thereby the Wrathers bought Hill's interest for the price demanded and at the same time increased Alvarez's interest in the station

by 35 per cent; that had they known the true facts the Wrathers would not have parted with this valuable property interest; that as a result of such deceitful conduct they were defrauded in the sum of $750,000, being the reasonable value of the 35 per cent ownership interest in station KOTV.

The foregoing allegations seek affirmative relief relating to or depending upon the note transaction upon which the action was brought. The court ordered the cross-complaint to be filed. Defendants argue that its allegations further indicate that Alvarez, the new party they sought to have joined as a party cross-defendant, was necessary to a complete determination of the controversy then before the court and the court was required by the provisions of section 389, Code of Civil Procedure, to order her brought in as such a party.

Irrelevant and redundant matter inserted in a pleading may be stricken by the court. (Code Civ. Proc., § 453.) But a motion to strike cannot be made to serve the purpose of a special demurrer. Where a motion to strike is so broad as to include relevant matters, the motion should be denied in its entirety. (*Allerton* v. *King*, 96 Cal. App. 230, 234 [274 P. 90]; *People* v. *Buellton Development Co.*, 58 Cal.App.2d 178, 185 [136 P.2d 793].) Here the entire cross-complaint was ordered stricken and the demurrer thereto was ordered placed off calendar without any ruling thereon. Thus the cross-complainants were deprived of the right to amend if the pleading was faulty in any particular which could have been corrected by such an amendment. We now examine this pleading to ascertain whether it states a cause of action for fraud and, if it does not, whether under the facts herein alleged an amendment may correct any defects found therein.

A pleading setting up fraud must show a false representation of fact made by the representor; knowledge or belief on the part of the representor that the representation is false; an intention to induce the representee to act or to refrain from action in reliance upon the misrepresentation; reasonable reliance upon the misrepresentation on the part of the representee in taking action or refraining from it; damage to the representee resulting from such reliance. (See 23 Cal.Jur.2d 164, 165, § 66; Rest., Torts, p. 59, § 525.) Measured by these rules the cross-complaint does not state a cause of action in that its allegations fail to establish that defendants have suffered any detriment as a result of the claimed fraud.

It further appears from the facts pleaded that amendment could not serve to correct this defect.

The transaction as between Hill and the Wrathers was simply a sale of 150 shares of the capital stock of Cameron Television, Inc., for the sum of $400,000. The promissory note here sued upon evidenced the obligation of the Wrathers to pay the final installment of the purchase price which they agreed to pay for this stock.

The transaction as between Alvarez and the Wrathers resulted simply in an agreement whereby the former's interest in the television company was increased from 15 per cent to 50 per cent in consideration of her agreement to continue in the management of the television station.

The essence of the Wrathers' charge of fraud is that they were induced to enter into these two related transactions in reliance upon an alleged representation that Hill and Alvarez were not married to each other. It is asserted that by virtue of this false representation and the concealment of the intimate personal relationship which had existed between Hill and Alvarez, defendants thought they were dealing with two independent individuals whose relationship had been, and was at that time, a purely business one. Defendants further allege that had they known the true relationship between Hill and Alvarez they would not have agreed to pay Hill $400,000 for his stock; neither would they have agreed to give Alvarez an additional 35 per cent interest in the business in return for her agreement to manage it. Defendants allege that the damage they sustained as a proximate result of this alleged fraud was equal to the reasonable value of a 35 per cent interest in the television company, or $750,000.

The allegedly concealed and misrepresented relationship between Hill and Alvarez must be regarded as wholly collateral and immaterial since it had no bearing upon the value of either the property or the services which defendants bargained for. There is no allegation in defendants' pleadings, nor any suggestion in their briefs, that the value of the stock which they acquired was less than they paid for it or that Alvarez failed in any respect to perform faithfully and competently the services that she was expected to perform in the management of the business. ■ A false representation which cannot possibly affect the intrinsic merits of a business transaction must necessarily be immaterial because reliance upon it could not produce injury in a legal sense. (37 C.J.S. 253, 254, § 18.)

It is difficult to comprehend defendants' theory that the alleged fraud damaged them to the extent of 35 per cent of the value of the operating company. So far as the record reveals, they received all that they expected to receive. It is difficult to perceive how any assumed relationship between Hill and Alvarez could have had any adverse effect upon the latter's competence to perform the services she was expected to perform. Certainly her increased interest in the business gave her increased incentive to strive for its success.

The case thus presented, therefore, invokes the rule that fraud without damage or injury is not remediable. Deception which does not cause loss is not a fraud in the legal sense. (37 C.J.S. 288, § 40; 23 Cal.Jur.2d 99 et seq., §§ 41, 42 and 43 and decisions cited.)

As said in *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 571 [126 P. 351, 42 L.R.A.N.S. 125], "It is fundamental, of course, that no matter what the nature of the fraud or deceit, unless detriment has been occasioned thereby, plaintiff has no cause of action." (See also *Gutterman* v. *Gally*, 131 Cal.App. 647, 650-651 [21 P.2d 1000]; *Tsang* v. *Kan*, 78 Cal. App.2d 275, 281 [177 P.2d 630]; *Maynes* v. *Angeles Mesa Land Co.*, 10 Cal.2d 587 [76 P.2d 109].) In *Baker* v. *Littman*, 138 Cal.App.2d 510, at pages 516-517 [292 P.2d 595], this court quotes with approval from *Woodson* v. *Winchester*, 16 Cal.App. 472, 476 [117 P. 565], as follows: "It must be shown in the pleading that the damage claimed was sustained by reason of [the] fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect."

Had there been actionable fraud in the sale of the stock, the measure of damages would have been that set forth in section 3343 of the Civil Code, the so-called "out-of-pocket" loss rule. (*Bagdasarian* v. *Gragnon*, 31 Cal.2d 744, 762 [192 P.2d 935]; *Anderson* v. *Fay Improvement Co.*, 134 Cal.App. 2d 738, 749 [286 P.2d 513]; *Oliver* v. *Benton*, 92 Cal.App.2d 853, 855 [208 P.2d 375].) There is no suggestion that defendants could plead or prove damage according to this rule. Indeed defendants' counsel state that their affirmative defense of fraud would have been "frustrated" by the application of this rule.

The fact that the Wrathers alleged a conspiracy does not alter the case because the same alleged fraud was the gist of the conspiracy count. Damage to the complaining

party is no less essential; all the elements of the basic tort must be established or the charge of conspiracy falls. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 488 [110 P.2d 396]; *Barkett* v. *Brucato*, 122 Cal.App.2d 264, 274 [264 P.2d 978]; *Gutterman* v. *Gally, supra.*)

By the pretrial conference order in the case the stricken provisions of the amended answer from paragraph 10 to the end thereof were ordered reinstated for purposes of defense but not for purposes of counterclaim. At the trial defendants offered no evidence under the reinstated provisions of their amended answer, taking the position then as they do now that they do not assert the claimed misrepresentations as a defense to plaintiff's action on the note but for the purpose of asserting independent, although related, causes of action against plaintiff and Alvarez. That if these stricken pleadings had remained for the consideration of the trier of fact, and defendants had prevailed, plaintiff's claim on the note not only would have been entirely offset but defendants also would have been entitled to substantial additional damages. Defendants concede even if they had proved, by way of affirmative defense only, that they signed and delivered the note to plaintiff induced by and in reliance upon the misrepresentations made by plaintiff, the "out-of-pocket" loss measure of damages prescribed by section 3343, Civil Code (see *Bagdasarian* v. *Gragnon, supra,* 31 Cal.2d 744, 762), would have frustrated this defense. Defendants contend, however, that this measure of damages would have no application to their independent cause of action against plaintiff and Alvarez in tort for damages for fraud involving the grant of the additional 35 per cent interest to Alvarez. For the reasons stated we cannot agree with defendants in this regard.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied April 21, 1958, and appellants' petition for a hearing by the Supreme Court was denied May 21, 1958.