Filed 8/6/15  Vasquez v. Salem CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BERNARD VASQUEZ, | |
| Plaintiff and Appellant, | G052057 |
| v. | (Super. Ct. No. 30-2012-00588366) |
| YASSER SALEM, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, William D. Claster, Judge.  Motion to dismiss appeal granted.

Bernard Vasquez, in pro. per., for Plaintiff and Appellant.

Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, John C. Kelly, David P. Pruett and Sandra J. Carlson for Defendant and Appellant.

\*     \*     \*

THE COURT:[*]

We dismiss plaintiff's appeal because there is no appealable judgment or order. Plaintiff cannot appeal from the trial court's refusal to direct the superior court clerk to take defendant's default.

I

Plaintiff sued defendant for medical malpractice following a below-the-knee amputation because of a gangrenous leg. The operative pleading is the third amended complaint.

Defendant filed a motion for summary judgment or, in the alternative, for summary adjudication. Defendant also successfully filed a motion to strike portions of plaintiff's third amended complaint.

On April 8, 2015, the trial court held a hearing on defendant's summary judgment motion. Plaintiff objected to any relief for defendant because of defendant's failure to file a new answer to the unstricken portions of the third amended complaint. Plaintiff orally requested that the trial court direct the superior court clerk to enter a default against defendant.

The trial court declined to do so. The court noted that Code of Civil Procedure section 586, subdivision (a)(2) provides that a default may be taken if a motion to strike is granted in whole or in part and the defendant fails to answer the non-stricken portion of the complaint within the time allowed by the court. However, as the court further observed, it never directed defendant to answer within a specific period of time. As a result, the court determined that the clerk properly refused to enter a default.

The court issued an order on April 8, 2015. The court denied defendant's motion for summary judgment, but granted summary adjudication as to some causes of action. The court directed defendant to file an answer to the third amended complaint

---

[*] Before Rylaarsdam, Acting P. J., Moore, J., and Fybel, J.

2

within a week, but did not otherwise direct the superior court clerk to enter defendant's default.

Defendant filed his answer to the third amended complaint the next day.

On June 4, 2015, plaintiff filed a notice of appeal from the trial court's April 8, 2015 order. In his notice of appeal, plaintiff stated that he was appealing the "Default Against Def. Salem Cancelled with no Answer on Record CRC Rule 3.1320(j)."

II

Plaintiff's notice of appeal must be dismissed because there is no appealable order or judgment as listed in Code of Civil Procedure section 904.1. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "Unlike jurisdictions that provide for trial courts' selective entry of final judgments on fewer than all claims for relief [citation] or for interlocutory appeals in the discretion of the reviewing court [citation], California law provides no case-by-case efficiency exception to the one final judgment rule for appealability. Where unusual circumstances justify it, review of interlocutory judgments may be obtained by petition for writ of mandate, but not by appeal. [Citations.] The question is thus . . . . what rule is most consistent with the policy against piecemeal appeals codified in section 904.1 . . . ." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1107.)

An order giving a defendant leave to file an answer within a specified period of time is not an appealable order, nor should it be. (See *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765-766 [dismissing appeal from unsigned minute order striking appellant's objection and counterclaim in answer].)

Moreover, plaintiff's attempt to secure a default on such a hypertechnical basis runs counter to "the guiding principle of deciding cases on their merits rather than on procedural deficiencies." (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398.)

DISPOSITION

The appeal is dismissed. Costs on appeal are awarded to defendant.