Filed 11/20/15  Rodriguez v. Robert Half International CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LEONOR RODRIGUEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT HALF INTERNATIONAL, INC.,<br><br>    Defendant and Respondent. | D067147<br><br><br>(Super. Ct. No. 37-2014-00006602-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Appeal dismissed.

Patterson Law Group, James R. Patterson; AMartin Law and Alisa A. Martin, for Plaintiff and Appellant.

O'Melveny & Myers, Adam P. KohSweeney and Susannah K. Howard, for Defendant and Respondent.

## INTRODUCTION

Leonor Rodriguez appeals an order compelling her to arbitrate four of the five causes of action in her operative first amended complaint (complaint) against Robert Half International, Inc. (Robert Half) for wage and hour violations. She contends the trial court erred in compelling arbitration of these claims because the parties' arbitration agreement was unenforceable under its own terms and because the agreement was procedurally and substantively unconscionable. We conclude the order compelling arbitration is not appealable and dismiss the appeal.

## BACKGROUND

Rodriguez filed a putative class action against Robert Half alleging claims for failure to pay wages, failure to provide proper wage statements, failure to pay final wages, unfair business practices, and civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.). According to her complaint, Robert Half hired her to work on a temporary, temporary-to-hire, and full-time basis. After hiring her, Robert Half required her to interview and be fingerprinted for a temporary position at a bank. Robert Half did not pay her for the time she spent in these activities and has a practice of not paying employees for time spent in these activities. Consequently, she alleges the company violated Labor Code section 226 by failing to provide her and the putative class members with a proper wage statement and Labor Code section 203 by failing to pay her and the putative class members all final wages owed.

2

Robert Half moved to compel arbitration of all but the PAGA claim. It decided to not move to compel arbitration of the PAGA claim based on the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), which held "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." (*Id.* at p. 360.)

According to Robert Half's motion, when Rodriguez applied for employment with Robert Half, Robert Half provided her with four documents: (1) notice regarding arbitration agreement (notice); (2) mutual agreement to arbitrate claims (agreement); (3) arbitration agreement acknowledgment form (acknowledgment form); and (4) arbitration agreement opt-out form (opt-out form) (collectively, arbitration documents). The agreement is a two-page document with six sections. Of relevance here, the agreement provides:

> "Claims Covered by the Agreement
>
> "[Robert Half] and I mutually agree to resolve by arbitration, and only by individual arbitration, all claims, whether or not arising out of my employment (or its termination), that [Robert Half] may have against me or that I may have against [Robert Half] and any other related or affiliated entity or person, including but not limited to parent, subsidiary and affiliated companies and employees or agents of any of them. I agree that no court or arbitrator shall determine any of my rights or claims on a class, collective or representative basis under any federal, state or local law. I understand, however, that I retain the right to bring claims in arbitration for myself as an individual.
>
> "Except as provided in the section titled 'Claims Not Covered by the Agreement,' all claims that, in the absence of this Agreement, could have been brought in court are subject to arbitration, whether

3

the claims derive from common law, statute, regulation, or otherwise, including but not limited to tort claims, contract claims, claims for wages, and claims for discrimination, retaliation and/or harassment. . . .

"[¶] . . . [¶]

"Claims Not Covered by the Agreement

"The following claims are not covered by this Agreement: claims that as a matter of law cannot be subject to arbitration . . . .

"[¶] . . . [¶]

"Construction and Severability

"If any provision of the section entitled 'Claims Covered by the Agreement' is determined to be void or unenforceable, then this Agreement shall be of no force and effect, because the parties intended to create an agreement to arbitrate individual disputes only."

The notice directed Rodriguez to carefully review the other arbitration documents and informed her she must complete the acknowledgment form confirming she received the arbitration documents. The notice also informed her that entering into the agreement was voluntary and she would be deemed to have assented to the agreement if she did not submit the opt-out form within 30 days. The notice further informed her how to opt out of the agreement and where within the company to direct queries about the agreement or the opt-out form. Finally, the notice informed her she could discuss the decision whether to accept the agreement or submit the opt-out form with private legal counsel if she chose. The acknowledgment and opt-out forms contained the same information. Rodriguez signed the acknowledgment form and never submitted an opt-out form.

4

Rodriguez opposed the motion to compel arbitration, arguing the agreement was ineffective under the agreement's construction and severability section because the *Iskanian* decision rendered the representative claim waiver provision in the "Claims Covered by the Agreement" section unenforceable as to PAGA claims. She also argued the agreement was procedurally and substantively unconscionable in multiple respects. The trial court disagreed with both of these points and granted the motion to compel.

DISCUSSION

As a threshold matter, we must address whether the trial court's order is appealable. Under the one final judgment rule, an order compelling arbitration is generally not immediately appealable. Such an order is normally subject to review only on appeal from the final judgment. (*Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 172, fn. 3; *Nelson v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1121-1122 (*Nelson*).) The death knell doctrine provides a limited exception to the general rule. The death knell doctrine applies to make an interlocutory order appealable when the " 'order has the "death knell" effect of making further proceedings in the action impractical.' " (*Nelson*, *supra*, at p. 1123.) In other words, it applies " '*when it is unlikely the case will proceed as an individual action*.' " (*Ibid.*)

" '[E]xceptions to the one final judgment rule should not be allowed unless clearly mandated.' " (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757.) Application of the death knell doctrine exception requires "an order that (1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable

5

but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*Id.* at p. 759.)

In this case, the order compelling arbitration meets the first prong because it amounts to a de facto final judgment as to the claims of the putative class members. However, the order does not meet the second prong. "Generally speaking, the civil penalties available under the PAGA are $100 'for each aggrieved employee per pay period for the initial violation and [$200] for each aggrieved employee per pay period for each subsequent violation.' (Lab. Code, § 2699, subd. (f)(2).) Seventy-five percent of penalties 'recovered by aggrieved employees' must be distributed to the 'Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights,' with the remaining 25 percent to be distributed to the 'aggrieved employees.' (Lab. Code, § 2699, subd. (i).) A prevailing PAGA plaintiff may recover his or her attorney fees and costs as well. (Lab. Code, § 2699, subd. (g)(1).) Thus, where, as here, the purported violator has had many employees with earnings over many pay periods, the recovery could be quite substantial." (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 310-311.) "Given the potential for recovery of significant civil penalties if the PAGA claims are successful, as well as attorney fees and costs, plaintiffs have ample financial incentive to pursue the remaining representative claims under the PAGA and, thereafter, pursue their appeal

from the [order compelling arbitration]."[1] (*Id.* at p. 311.) Accordingly, we conclude the death knell doctrine does not apply and the order compelling arbitration is not appealable.

Although the court has the discretion to treat the appeal as a petition for writ of mandate, the Supreme Court has indicated the court should only exercise the power in unusual circumstances. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) This court recently reiterated "that a request to treat an appeal from a nonappealable order as a writ petition ' "should only be granted under [the most] extraordinary circumstances." ' " (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 770, fn. 16 (*Katzenstein*); accord, *Munoz v. Chipotle Mexican Grill, Inc.*, *supra*, 238 Cal.App.4th at p. 312.) Rodriguez has not shown such extraordinary circumstances in this case. "Moreover, because '[t]he interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders,' we respect the '[s]trong policy reasons' that underlie the one final judgment rule." (*Katzenstein*, *supra*, at p. 770.) We, therefore, decline to exercise our discretion to treat Rodriguez's appeal as a petition for writ of mandate and dismiss the appeal.

## DISPOSITION

The appeal is dismissed. The request to treat the appeal as a petition for writ of mandate is denied. Respondent is awarded appeal costs.

---

[1] Indeed, the record shows Rodriguez has continued to prosecute the PAGA claim during the pendency of this appeal.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

AARON, J.