Filed 6/11/25  Qadeer v. Mid-Century Insurance Co. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ADNAN QADEER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>        Defendant and Respondent. | A170387<br><br>(Alameda County Super. Ct. No. RG19041480) |

Adnan Qadeer's home was struck by a fallen tree on February 8, 2015.  More than four years later, and more than three years after his property damage claim was denied, Qadeer filed this breach of contract action against his insurer, Mid-Century Insurance Company.  The trial court granted Mid-Century's motion for summary judgment, concluding that Qadeer's suit was not timely filed under the contractual one-year limitation.  Representing himself, Qadeer appeals and argues (primarily) that there were triable issues of material fact and that his action was not untimely because Mid-Century was equitably estopped to invoke the time limitation.  We conclude that Qadeer has failed to meet his burden on appeal to show error and affirm.

### BACKGROUND

Mid-Century issued a Farmers Next Generation Home policy to Qadeer insuring his Oakland property during the period

February 6, 2015 to November 14, 2015.  The Policy provides: "**Suit Against Us.** [¶] No suit or other action can be brought against us, our agents or our representatives unless there has been full compliance with all of the terms of this policy . . . . Suit on or arising out of the SECTION I – PROPERTY COVERAGE of this policy must be brought within one year after inception of the loss or damage."

On February 9, 2015, Qadeer contacted his agent, Oona Joseph, by email and advised that the night before, on February 8, 2015, "a tree from the city of Oakland Lot fell on my house.  No injury except some property damage.  I hope city will come and remove the tree because you can not [*sic*] enter in the house easily."  Joseph responded by email that same day, stating, "Please feel free to call me if you feel we need to file a claim through your homeowners policy."

On either February 5 or February 12, 2016, Qadeer submitted a claim to Mid-Century through Joseph.  By letter dated March 9, 2016, Mid-Century denied the claim citing the "Suit Against Us" provision of the policy and stating the claim was submitted more than one year after the loss.  The March 9, 2016 denial letter also included a reservation of rights and further stated:  "At this time, your claim is closed.  If you have additional information regarding your loss you would like us to consider, please forward it to us.  Unless we notify you to the contrary, your claim will remain closed."

On September 15, 2016, Qadeer responded to Mid-Century's adjuster, stating, inter alia, the following:  "I am responding to your letter dated March 9, 2016 in which you have denied my claim . . . . [¶] . . . I did send an Email to the Farmers agent within twenty four hours and notified her about the incident. . . . [¶] . . . During my meetings with the Farmers agent for more than multiple times she assured me not to worry because I have three years' time to file this claim from the date of

2

loss. [¶] . . . Since the tree was located on City of Oakland property and city attorney office told me that they have their own Insurance to cover such loses [*sic*], therefore it was not proper to file two claims for the same incident. [¶] . . . Once I learned that city Insurance is denying my claim I have no choice except to file a claim with my own insurance company that is collecting my premiums every month and giving me assurances' not to worry. . . . [¶] . . . I start inquiring with my Farmers agent about filling [*sic*] this claim from Jan 13, 2016 . . . . And we met on February 5, 2016 and filled out some paper to file the claim, my agent called few people for question and information but they were not available so she ask me to come back next week which I did and filled [*sic*] the claim. In the mean time [*sic*] she got the information on the following week February 10, 2016 . . . and then we file the claim on February 12, 2016."

On October 14, 2016, Mid-Century sent a letter stating that it was conducting a review of the information Qadeer had provided under a reservation of rights. However, later that same day, Mid-Century affirmed its denial of the claim based on the one-year limitation period, quoting the "Suit Against Us" provision of the Policy. It also included the same reservation of rights that appeared in the March 9, 2016 denial letter and confirmed that the claim was closed and would remain closed unless Qadeer was notified to the contrary.

On October 29, 2019, Qadeer filed a suit, in propria persona, in which he alleged (among others) fraud and breach of contract causes of action against Mid-Century. When he was later represented by counsel, Qadeer filed his first amended complaint for breach of contract and breach of the covenant of good faith and fair dealing.

Mid-Century filed a motion for summary judgment. It argued that "as a matter of law all causes of action asserted

3

against [it] are time-barred based on the one-year contractual limitation period contained in the subject insurance policy."

The trial court granted Mid-Century's motion and ordered, "[t]his entire action is dismissed, with prejudice."[1] (Capitalization omitted.) In doing so, the court assumed that Qadeer's claim was timely filed (on February 5) but reasoned: "Although [Mid-Century's] communications regarding the limitations period in which to bring lawsuits may have been less than perfect, and although equitable estoppel may apply to some portion of [Qadeer's] delay . . . , equitable estoppel does not excuse the full 43 months [Qadeer] waited to file this lawsuit after his claim was denied on March 9, 2016."

## DISCUSSION

After Qadeer filed his opening brief and appellant's appendix on appeal, Mid-Century filed objections, in which it argued that we should affirm the judgment because Qadeer's appendix does not comply with the applicable California Rules of Court.[2] Although we initially deferred ruling on Mid-Century's objections, we now conclude that Mid-Century is correct that Qadeer's appendix is inadequate to meet his burden on appeal.

Although a trial court's summary judgment ruling is reviewed de novo, we nonetheless must presume the trial court's judgment is correct. A plaintiff appellant bears the burden of affirmatively demonstrating error even though they did not bear

---

[1] An order granting summary judgment is not directly appealable *except* where it is an order of dismissal, in writing, and signed by the court. (See Code Civ. Proc., § 581d; *Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858; *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 769.) Here, the trial court's summary judgment order met those requirements and constitutes an appealable judgment.

[2] Undesignated rule references are to the California Rules of Court.

the burden below. (*Hodges v. Cedars-Sinai Medical Center* (2023) 91 Cal.App.5th 894, 903-904; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) To do so, the appellant must provide an adequate record (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348) along with reasoned and intelligible legal argument supported by references to the record and pertinent authority. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; accord, *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

Here, Qadeer elected to provide a record of the documents filed in the superior court via an appendix, pursuant to rule 8.124. But his appendix is composed mostly of incomplete portions of emails and other documents, as well as excerpts of deposition transcripts—all of which have no apparent link to any document filed in the trial court. We disregard documents bearing no indication that they were submitted to the trial court because they are not properly included in the appendix. (See *Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 723.)

Qadeer's appendix lacks the content required by the rules. Specifically, rule 8.122(b)(1) requires the register of actions and the notice of entry of judgment be included in an appellant's appendix. (Rule 8.122(b)(1)(B), (F).) Neither is included in Qadeer's appendix. Rule 8.124(b)(1)(B) also requires an appellant's appendix to contain "[a]ny item listed in rule 8.122(b)(3) that is necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on."

5

Here, even though Qadeer is appealing from the trial court's summary judgment ruling and argues that the court erred because the evidence he presented in opposition demonstrated a triable issue of material fact with respect to equitable tolling or estoppel, his appendix fails to include Mid-Century's motion for summary judgment (and supporting separate statement of undisputed facts), the declarations/request for judicial notice/exhibits Mid-Century filed in support of its summary judgment motion, Qadeer's responsive separate statement filed in opposition to the summary judgment motion, and the evidence filed in support of that opposition (at least in any form that demonstrates it was filed in the trial court).[3]  Qadeer provides us with only the trial court's order and two declarations he filed in opposition.  The fact that Qadeer is self-represented on appeal does not excuse him from complying with the rules of appellate procedure.  (*Nwosu v. Uba, supra*, 122 Cal.App.4th at pp. 1246-1247.)

Some of these problems are remedied by the respondent's appendix Mid-Century filed.  The respondent's appendix includes the motion for summary judgment itself, Mid-Century's separate statement of undisputed facts, and its declarations filed in support of the motion—but the record remains notably devoid of key documents Qadeer filed in opposition to Mid-Century's motion.  Without Qadeer's opposition (particularly his separate statement of undisputed facts in opposition), we cannot determine the merits of his claim that he raised a triable issue of material fact.  (See *Antonopoulos v. Mid-Century Ins. Co.* (2021) 63 Cal.App.5th 580, 593 [" '[a]ppellate review of summary judgment is limited to the facts presented in documents submitted to the trial court [and the] appellate court exercises its

[3] Because Qadeer's appendix does not include the required register of actions (rules 8.122(b)(1)(F), 8.124(b)(1)(A)), we only learned of the existence of some of these missing documents from independently reviewing the docket on the trial court's web site.

independent judgment regarding the legal effect of undisputed facts disclosed by the parties' papers' "]; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1213 [" ' "if it is not set forth in the separate statement, it does not exist" ' ", italics omitted].)

For the above reasons, the record fails to provide an adequate basis for meaningful review of the trial court's order granting Mid-Century's motion for summary judgment. We must presume the judgment is correct and are compelled to affirm. (See *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296; *Gee v. American Realty & Construction, Inc., supra,* 99 Cal.App.4th at p. 1416.)

## DISPOSITION

The judgment is affirmed. Mid-Century is entitled to its costs on appeal. (Rule 8.278(a)(1), (2).)

BURNS, J.

WE CONCUR:

JACKSON, P. J.
CHOU, J.

*Qadeer v. Mid-Century Insurance Company (A170387)*